UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 1 2 2011 ★

BROOKLYN OFFICE

| UNITED STATES OF AMERICA | 09-CR-455(S-2)-04 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| YUSIF PINKHASOV, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 6, 2009, Yusif Pinkhasov plead guilty to a single-count second superseding indictment. The indictment charged that between December 2008 and February 2009, defendant, with Jacob Ginzburg, Ilyas Gurshumov, Michael Grinblat, Donald Petit, Anatoliy Atabayev and others conspired to distribute and possess with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Pinkashov was sentenced on March 10, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 24 and 30 months. The calculation of the total offense level included a 3-point reduction for acceptance of responsibility, as defendant pled guilty in a timely fashion and saved the Government the expense of prosecution. The offense carried a maximum term of imprisonment of 240 months. 21 U.S.C. § 841(b)(1)(c). The guidelines range of fine was from $6,000 to $1,000,000.

Pinkhasov was sentenced to five years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture was issued in the amount of $7,605, which the defendant has since paid.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Pinkhasov was involved in a conspiracy to sell and distribute Ecstasy. While he did not play a major role in the conspiracy, he did act as an independent contractor. He instigated purchases from co-defendant Jacob Ginzburg, sold the substance and then put the money towards the purchase of other drugs for his own use. There is no evidence that Pinkhasov directed, supervised or managed anyone else in relation to this offense. Likewise, Pinkhasov did not engage in any violence with regard to the conspiracy. No guns or firearms were associated with the group's efforts to sell drugs.

Pinkhasov, who was 21 at the time of his arrest, has shown substantial improvement in the months between arrest and sentencing. In addition to attending community college and improving his GPA, Pinkhasov enrolled in a course to become a certified alcohol and drug treatment therapist on account of the positive impact such therapy has had on his life.

In light of the fact that the defendant seems to have achieved a substantially stable life, is intent on an education, although there was some confusion as to the defendant's educational program, and has no prior crimes, a sentence of five years of probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the sale and distribution of drugs will result in a substantial term of supervision. Specific deterrence is achieved through the impact of this

3

conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his family circumstances, educational goals and apparent dedication to becoming a productive member of society.

                                              Jack B. Weinstein
                                              Senior United States District Judge

Dated: March 12, 2011
       Brooklyn, New York